IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

GEORGE H. DARROW, an individual,   CASE NO.: 0:22-cv-61843

    Plaintiff,

v.

NUVASIVE, INC., a Delaware corporation,

    Defendant.

_____/

## COMPLAINT

Plaintiff, GEORGE H. DARROW, by and through undersigned counsel, hereby sues Defendant, NUVASIVE, INC., and states:

### PRELIMINARY STATEMENT

1. This is an action for monetary damages exceeding $75,000.00 under Title I of the Americans with Disabilities Act of 1990 and the ADA Amendments Act of 2008. In brief, Plaintiff contends that Defendant failed to make reasonable accommodations after Plaintiff contracted thyroid cancer and instead terminated Plaintiff as a direct result of his disability.

### PARTIES, JURISDICTION, AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that this is a civil action raising federal questions under 42 U.S.C. § 12101, *et seq.*

3. This Court further has subject matter jurisdiction over the present action pursuant to 28 U.S.C. § 1332(a), in that there exists complete diversity of citizenship of the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) and 42 U.S.C. § 2000e-5(f)(3) in that a substantial part of the event or omissions giving rise to the claim occurred in this district.

5. Plaintiff GEORGE H. DARROW ("Plaintiff" or "Darrow") is an individual who currently resides in Montana and is *sui juris*. However, at the time of the discriminatory activity at issue in this cause, Plaintiff resided in Broward County, Florida and worked for Defendant as a Sales Specialist based in Broward County, Florida.

6. Defendant, NUVASIVE, INC. ("Defendant" or "NuVasive"), is a Delaware corporation with its principal place of business in California. At all times material, NuVasive conducted extensive business in the State of Florida, including but not limited to business in Broward County, Florida, and was registered to conduct business in the State of Florida. NuVasive has had at least 15 employees at all times material, is capable of being sued under the ADA, and is subject to the jurisdiction of this Court. Upon information and belief, NuVasive employed more than 2,000 employees at all times material.

## GENERAL ALLEGATIONS

7. NuVasive is a medical device company that principally sells products intended for use in spine surgeries and related medical procedures.

8. Darrow began selling NuVasive products in 2006, while working for an exclusive distributor, and ultimately became directly employed by NuVasive as a Sales Specialist in 2013.

9. Darrow enjoyed significant success in his sales activities with NuVasive, receiving numerous company sales awards, accolades, and bonuses. In addition, Darrow garnered positive feedback in performance reviews and was not subject to any disciplinary actions.

10. Due to the nature of the surgical products Darrow was tasked with selling at times material, Darrow often spent large amounts of time in operating rooms where the risk of exposure to radiation was high.

11. However, NuVasive did not provide Darrow with protective equipment or take any

other meaningful measures to limit his exposure to radiation while performing his job duties.

12. Darrow ultimately contracted thyroid cancer as a result of exposure to radiation during his employment with NuVasive and was forced to take medical leave in order to undergo surgery and treatment.

13. After recovering from surgery, Darrow attempted to returned to work at NuVasive. Due to Plaintiff's cancer diagnosis and significant prior exposure to radiation during his employment with NuVasive, Darrow's physicians advised that he should avoid further radiation exposure in the future.

14. Darrow accordingly requested accommodations from NuVasive for his disability.

15. At all times material, Darrow was able to perform the essential functions of his job or an equivalent job for which he was qualified with or without reasonable accommodations. To give one example, NuVasive sells multiple product lines, and NuVasive thus could have allowed Darrow to devote his efforts as a Sales Specialist toward the sale of different products that would require less time spent in operating rooms, such as NuVasive's new "Pulse" product line.

16. Upon information and belief, NuVasive also had open positions to which Darrow could have been reassigned as a reasonable accommodation, including but not limited to equivalent Sales Specialist positions associated with the Pulse product line, as well as other lateral roles consistent with Darrow's experience, qualifications, and seniority with NuVasive.

17. NuVasive, as an entity with thousands of employees and numerous sales-related positions, would not have suffered any undue hardship in either modifying the products sold by Darrow in his existing position or reassigning Darrow to another available position. While Darrow contends that available positions existed that would not constitute a promotion, to the extent that any such positions may allegedly have reflected a promotion, Darrow contends that he was not

provided with equal treatment regarding such promotion as a result of his disability.

18. Darrow made multiple attempts to engage the appropriate personnel at NuVasive to discuss a potential role involving sales of the Pulse platform or other options, but NuVasive failed and refused to engage in such discussions.

19. In fact, NuVasive failed to offer or even discuss any employment accommodation or alternative position whatsoever with Darrow.

20. NuVasive instead terminated Darrow's employment on December 3, 2020, as a direct result of his disability.

21. Following termination, Darrow timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC").

22. In its responsive filings with the EEOC, NuVasive acknowledged that it terminated Darrow as a direct result of his disability and the corresponding limitations on his ability to be present in operating rooms.

23. On July 6, 2022, the U.S. Equal Employment Opportunity Commission issued a notice of Darrow's right to file a civil action. Darrow brings this claim within 90 days of receiving such notice.

24. In accordance with the ADA and ADAAA, individuals such as Darrow who currently have cancer, or have cancer that is in remission, will be determined to have a "disability" because they are substantially limited in the major life activity of normal cell growth or would be so limited if cancer currently in remission was to recur, and because they have a record of an impairment that substantially limited a major life activity in the past. Such individuals also will be "regarded as" having a disability if an employer takes a prohibited action because of cancer or because the employer believes the individual has cancer.

25. All conditions precedent to bringing this action have been satisfied or waived.

## COUNT ONE: ADA DISCRIMINATION - ACTUAL DISABILITY

26. Plaintiff repeats and realleges Paragraphs 1 through 25 as if fully set forth herein.

27. Pursuant to Title I of the Americans with Disabilities Act, no covered entity shall discriminate against a qualified individual on the basis of disability with respect to, *inter alia*, hiring, advancement, or discharge of employees, employee compensation, and other terms, conditions, and privileges of employment. 42 U.S.C.A. § 12112.

28. Discrimination against a qualified individual includes failure to make reasonable accommodations to the known limitations of an otherwise qualified individual and denial of employment opportunities to an employee based on the need to make reasonable accommodations. 42 U.S.C.A. § 12112.

29. Plaintiff is a qualified individual because he can perform the essential functions of the employment position that he desires with or without reasonable accommodations.

30. Defendant is a covered entity because it is an employer engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

31. Defendant knew of Plaintiff's disability yet failed to make any reasonable accommodation, and instead terminated Plaintiff as a direct result of his disability.

32. Defendant thereto denied employment opportunities to Plaintiff and discharged Plaintiff because of an actual disability in violation of the ADA.

33. Plaintiff has fully exhausted his administrative remedies and has fulfilled all prerequisites to the filing of this claim.

34. By reason of Defendant's violation of the ADA, Plaintiff is entitled to an award of

wages and employment benefits in the past (i.e. "back pay") plus wages and economic benefits in the future (i.e. "front pay") and other appropriate equitable relief.

35. Plaintiff further is entitled to recover compensatory damages in the past, which includes damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, as well as compensatory damages in the future, which includes damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

36. Because Defendant engaged in such discriminatory practices with malice or with reckless indifference to Plaintiff's federally-protected rights, Plaintiff is entitled to an award of punitive damages.

37. As the prevailing party, Plaintiff is entitled to an award of attorney fees and costs, including reimbursement for expert fees. Plaintiff further seeks recovery of all interest available to him.

38. Plaintiff has retained the undersigned counsel to represent his interests and has agreed to pay the undersigned a reasonable fee.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in his favor awarding damages, including lost wages, lost fringe benefits, lost earning capacity, compensatory damages, pain and suffering damages, punitive damages, and front pay; awarding the costs of this action, together with reasonable attorney's fees; and granting such other relief as the Court deems necessary and appropriate.

**COUNT TWO: ADA DISCRIMINATION – "REGARDED AS" DISABILITY**

39. Plaintiff repeats and realleges Paragraphs 1 through 25 as if fully set forth herein.

40. Pleading in the alternative, Plaintiff contends that Defendant discharged him

because Defendant regarded him as disabled in violation of the ADA.

41. Defendant has admitted that it terminated Plaintiff because of actual or perceived limitations on his activities arising from his thyroid cancer.

42. Defendant therefore regarded Plaintiff as suffering from a disability that limited his ability to work and terminated his employment on that basis.

43. Plaintiff has fully exhausted his administrative remedies, and he has fulfilled all prerequisites to the filing of this claim.

44. By reason of Defendant's violation of the ADA, Plaintiff is entitled to an award of wages and employment benefits in the past (i.e. "back pay") plus wages and economic benefits in the future (i.e. "front pay") and other appropriate equitable relief.

45. Plaintiff further is entitled to recover compensatory damages in the past, which includes damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, as well as compensatory damages in the future, which includes damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

46. Because Defendant engaged in such discriminatory practices with malice or with reckless indifference to Plaintiff's federally-protected rights, Plaintiff is entitled to an award of punitive damages.

47. As the prevailing party, Plaintiff is entitled to an award of attorney fees and costs, including reimbursement for expert fees. Plaintiff further seeks recovery of all interest available to him.

48. Plaintiff has retained the undersigned counsel to represent his interests and has agreed to pay the undersigned a reasonable fee.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in his favor awarding damages, including lost wages, lost fringe benefits, lost earning capacity, compensatory damages, pain and suffering damages, punitive damages, and front pay; awarding the costs of this action, together with reasonable attorney's fees; and granting such other relief as the Court deems necessary and appropriate.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure, Rule 38, Plaintiff GEORGE DARROW hereby demands trial by jury in this action on all issues so triable.

Dated: October 3, 2022                    Respectfully submitted,

**OLIVE | JUDD**
*Counsel for Plaintiff*
2426 East Las Olas Boulevard
Fort Lauderdale, Florida 33301
(954) 334-2250
(954) 334-2259 (f)

/s/ Benjamin E. Olive
Benjamin E. Olive, Esq.
Fla. Bar No.: 387983
bolive@olivejudd.com
Matthew C. Sanchez, Esq.
Fla. Bar No.: 72748
msanchez@olivejudd.com